[No. 32318.   Department Two.   October 30, 1952.]

J. I. NEWSOM, *Plaintiff*, v. WEST WIND CORPORATION,
*Defendant and Relator.*[1]

*Elvidge, Watt, Veblen & Tewell* and *William A. Herren,*
for relator.

*Meier & Murray,* for plaintiff.

PER CURIAM.—The plaintiff, J. I. Newsom, sues to recover
in excess of one hundred thousand dollars for breach of a
contract of employment.

The defendant, West Wind Corporation, seeks a writ of
mandamus to compel one of the judges of the superior court
for King county to enter an order staying all proceedings
until the plaintiff, who is presently employed in Los An-
geles, California, comes to Seattle and submits himself for
oral examination under Rule 30(a), Pleading, Practice and
Procedure, 34A Wn. (2d) 90.

The defendant had given notice of the taking of the plain-
tiff's deposition in Seattle before trial, in accordance with
Rule 30(a), Pleading, Practice and Procedure.  On being

[1]Reported in 249 P. (2d) 367.

notified that the plaintiff refused to come to Seattle from Los Angeles for such oral examination, the defendant filed a "Motion for Order Requiring Plaintiff to Appear for Oral Examination before Trial"; and further moved that all proceedings in the cause be stayed until such time as the plaintiff submitted himself for oral examination. The trial court indicated that it would deny the motion.

The defendant then sought the writ of mandate above referred to.

Mandamus lies only where the applicant is entitled to the relief he seeks as a matter of right. The defendant is not entitled to a stay of proceedings as a matter of right because the plaintiff refuses to come to Seattle for an oral examination. Under Rule 30(b), Pleading, Practice, and Procedure, 34A Wn. (2d) 91,

" . . . the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than that stated in the notice, or that it may be taken only on written interrogatories. . . ."

We are not here concerned with what remedies the court may or should invoke to compel obedience to its orders. In the present proceeding, the litigant seeks a specific remedy to compel, not a compliance with anything the court has ordered, but with the desires of that litigant as to the place and manner of the examination of the adverse party before trial.

The writ of mandate is denied.